IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 NOV -3 AM 11: 24
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CHERYL AUTIN, CAROL DIFFEE, and ABIGAIL GIVHAN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> VS. <br><br> SOLVAY PHARMACEUTICALS, INC., and HAROLD H. SHLEVIN, Ph.D., <br><br> DEFENDANTS. | No. 05-2213-Ma An |

## RULE 16(b) SCHEDULING ORDER

The parties to this action, through their counsel, have conferred and presented to the Court the following schedule for consideration and entry, the record reflecting that the following motions are pending in this putative class action:

1. Defendant Solvay Pharmaceuticals, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiffs' Class Action Complaint;

2. Defendant Harold Shlevin's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Class Action Complaint;

3. Plaintiffs' Verified Motion to Stay All Proceedings Pending Transfer to MDL-1507;[1]

---

[1] At the scheduling conference on October 20, 2005 the parties advised the court that the Judicial Panel on Multidistrict Litigation (In re: Prempro Products Liability Litigation MDL-1507) entered an Order on October 19, 2005 Vacating Conditional Transfer Order. As a result of the Judicial Panel's Order, the above-listed motion numbers 3, 4 and 5 are moot.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___11-7-05___

63

4. Solvay Pharmaceuticals, Inc.'s Response in Opposition re: Plaintiffs' Verified Motion to Stay All Proceedings Pending Transfer to MDL-1507; and,

5. Harold Shlevin's Memorandum in Opposition to Plaintiffs' Motion to Stay All Proceedings Pending Transfer to MDL-1507.

6. Plaintiffs' Combined Response to Defendant Solvay Pharmaceuticals, Inc.'s [sic] Motion to Dismiss and Defendant Harold Shelvin's [sic] Motion to Dismiss First Amended Class Action Petition with Prejudice.

The parties shall proceed with discovery which should be limited to issues relevant to class certification, with merits discovery proceeding after the ruling on class certification. If a dispute arises with respect to whether a particular discovery request relates to a "class certification" issue or a "merits" issue, the parties shall promptly meet and confer to attempt to resolve the dispute. In the event the dispute cannot be resolved through the meet and confer process, the parties will immediately submit such dispute for resolution by the Court or by the Court's designee.

The parties shall proceed according to the following schedule.

1. Plaintiffs and Defendant(s) will exchange Rule 26(a)(1) initial disclosures on or before January 5, 2006. Such disclosures shall be limited to class certification issues, and shall include Plaintiffs' disclosure of the specific definition of the putative class and any subclasses.

2. On or before March 7, 2006, the parties will provide copies of or make available for review all documents identified in their Rule 26(a)(1) disclosures. The documents provided will be limited to class certification issues. The Rule 26(a)(1) production by the Defendant(s) is conditioned upon the entry of a protective order signed by the parties and entered by the Court.

3. Defendant(s) and Plaintiffs may serve Interrogatories, Requests for Admissions or Requests for Documents beginning January 5, 2006. This initial written discovery shall be limited to class issues.

4. Depositions can commence after the exchange of Rule 26(a)(1) disclosures and are to be completed on or before May 9, 2006. Depositions shall be limited to class certification issues.

5. Except for the discovery set forth above, all other discovery is stayed pending further order of this Court.

6. Plaintiffs' Motion for Class Certification will be filed and served via hand delivery or overnight mail so that it is physically received by the Defendant(s) on or before June 6, 2006. At the same time, Plaintiffs shall identify all experts and witnesses upon whom Plaintiffs rely in support of their motion (including the information contemplated by Fed R. Civ. P.

3

26(a)(2)(B) as to experts) and shall file any expert reports or affidavits upon which they rely in support of the class certification motion.

7. Response and objections of Defendant(s) to the Class Certification Motion and any supporting exhibits, will be filed and served via hand delivery or overnight mail on or before August 8, 2006. At the same time, Defendant(s) shall identify all experts and witnesses upon whom Defendant(s) rely in opposing plaintiff's Class Certification Motion (including the information contemplated by Fed. R. Civ. P. 26(a)(2)(B) as to experts) and file any expert reports or affidavits upon which Defendant(s) rely in opposing Plaintiff's Class Certification Motion.

8. Plaintiffs' Reply will be filed and served via hand delivery or overnight mail so that it is received on or before August 23, 2006. The reply memorandum shall be confined to responding to arguments in the opposition brief.

9. A hearing on Plaintiffs' Class Certification Motion will take place after Plaintiffs' Reply is filed, on a date to be determined by the Court.

OTHER RELEVANT MATTERS:

Interrogatories, Requests for Production and Requests for Admissions must be submitted to the opposing party in sufficient time for the opposing party to respond by the deadline for completion of discovery. For example, if the FRCP allow 30 days

for a party to respond, then the discovery must be submitted at least 30 days prior to the deadline for completion of discovery.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or service of the response, answer, or objection which is the subject of the motion if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or any objection to the default, response, or answer shall be waived.

The parties are reminded that pursuant to Local Rule 7(a)(1)(A) and (a)(1)(B), all motions, except motions pursuant to FRCP 12, 56, 59 and 60, shall be accompanied by a proposed Order and a Certificate of Consultation.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

The parties may consent to trial before the Magistrate Judge. The Magistrate Judge can normally provide the parties with a definite trial date that will not be continued unless a continuance is agreed to by all parties, or an emergency arises which precludes the matter from proceeding to trial.

*The parties are encouraged to engage in court-annexed attorney mediation or private mediation <u>on or before the close of discovery.</u>*

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

IT IS SO ORDERED.

*signature*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 03, 2005

5

THOMASON HENDRIX HARVEY JOHNSON &
MITCHELL, PLLC

BY: *Elizabeth T Collins*
Elizabeth Collins, Esq. #13193
One Commerce Square, 20th Floor
Memphis, Tennessee  38103
(901) 525-8721
Counsel for Solvay Pharmaceuticals, Inc.

BURCH, PORTER & JOHNSON, PLLC

BY: *DeWitt Shy w/ permis by ETC*
DeWitt M. Shy, Jr. #5163
Frank B. Thacher, III #023925
130 North Court Avenue
Memphis, Tennessee  38103
(901) 524-5000
Counsel for Harold Shlevin

By: *Eric Roberson w/ permis by ETC*
Patrick J. Mulligan, Esq.
Eric N. Roberson, Esq.
Reid Stewart, Esq.
Jason H. Fox, Esq.
2911 Turtle Creek Blvd.
Suite 900
Dallas, Texas  75219
(214) 219-9779
Counsel for Plaintiffs

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 63 in case 2:05-CV-02213 was distributed by fax, mail, or direct printing on November 7, 2005 to the parties listed.

---

Frank B. Thacher
BURCH PORTER & JOHNSON PLLC
130 N. Court Ave.
Memphis, TN 38103

Elizabeth T. Collins
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Eric N. Roberson
LAW OFFICE OF PATRICK J. MULLIGAN, P.C.
2911 Turtle Creek Blvd.
Ste. 900
Dallas, TX 75219

Andrew S. Johnston
MINOR & JOHNSTON, P.C.
124 East Market Place
Somerville, TN 38068

DeWitt M. Shy
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Reid Stewart
LAW OFFICE OF PATRICK J. MULLIGAN, P.C.
2911 Turtle Creek Blvd.
Ste. 900
Dallas, TX 75219

Michael L. Hardy
THOMPSON HINE & FLORY LLP
127 Public Square
Cleveland, OH 44114

Nicole K. Wilson
THOMPSON HINE LLP
127 Public Square
Ste. 3900 Key Center
Cleveland, OH 44114

James S. Robenalt
THOMPSON HINE LLP
127 Public Square
Ste. 3900 Key Center
Cleveland, OH 44114

Patrick J. Mulligan
LAW OFFICE OF PATRICK J. MULLIGAN, P.C.
2911 Turtle Creek Blvd.
Ste. 900
Dallas, TX 75219

Michael E. Keeney
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

John S. Wilder
WILDER & SANDERS
108 E. Court Square
Somerville, TN 38068--143

Jason H. Fox
LAW OFFICE OF PATRICK J. MULLIGAN, P.C.
2911 Turtle Creek Blvd.
Ste. 900
Dallas, TX 36068

Honorable Samuel Mays
US DISTRICT COURT